Tkeat, Justice, delivered the opinion of the court: Stacy, for the use of himself and four others, instituted an action of assump-sit against the State Bank of Illinois. The declaration contains three counts. The first alleges that the defendants, on the 14th of July, 1841, published an advertisement commencing as follows$10,000 Reward. The Jacksonville Branch of [* 92] the State Bank of Illinois was entered by false keys on Tuesday night, the 11th instant, and robbed of the following sums of money,” and after describing the money taken, amounting to more than eighty thousand dollars, the advertisment concludes thus: “ The exact amount of paper taken cannot be ascertained, owing to the entire destruction of the books and accounts of the bank. The above reward will be paid, one half for the detection of the person or persons concerned in the robbery, and the other half for the recovery of the money stolen, or in proportion for the amount recovered. Branch State Bank, Jacksonville, July 14, 1841. D. Rockwell, Cashier whereby the defendants promised to pay to any person who would discover the person guilty of the robbery, the sum of five thousand dollars; that one Henry T. Towne was alone guilty of the robbery; that the plaintiff, confiding in the promises aforesaid, made an affidavit charging Towne with the robbery, on which a warrant issued, and Towne was arrested and brought before two justices of the peace, by whom he was committed to jail, to answer to the offence charged; and that the plaintiff did thereby detect and discover the said Towne to be the person guilty of the robbery; by reason whereof the defendants became liable, etc. The second count is similar to the first, but in a more general form. The third count is in indebitatus assumpsit, for work and labor done and money paid The defendants filed a demurrer to the first count, which was sustained by the court. Non assumpsit was pleaded, to-the second and third counts and issue joined. These issues were submitted to the court on an agreed state of facts substantially as follows: that on the 12th of July, 1841, the president of the branch bank at Jacksonville published a notice announcing the robbery of the branch, and offering a reward of five thousand dollars for the recovery of the money stolen, or the detection of the robber ; that on the 14th of the same month, another'notice was published by the cashier of the branch bank, in the words set in the first count of the declaration; that on the 20th of the same month, Thomas Mather, the president of the parent bank, ascertained by the confession of Henry D. Towne, that he was the person guilty of the robbery, and recovered from him the greater part of the money taken ; that said Mather promised Towne that he would not disclose the fact of his guilt to any person but the president of the branch bank, unless required to do it before a court of justice, and that he did not disclose it to any other individual until after the arrest of Towne; that on the 21st of July 1841, the plaintiff made- his affidavit, as [* 93] charged in the declaration, and Towne was arrested and committed to jail from whence he escaped without trial; that on the examination before the justices, said Mather was examined and testified as a witness,'at the instance of the plaintiff, and that Towne was committed on his testimony; tha,t before and at the time of the robbery and arrest, the plaintiff was a director of the branch bank, but received no compensation for his services as such director; that before the making of the affidavit, the fact of the recovery of the monejr was known to the plaintiff, and several of the directors, and the citizens of Jacksonville generally. The court .found the issues for the defendants, and judgment was rendered for them accordingly. To reverse this judgment the plaintiff sues out his writ of error, and assigns for error. First. The court erred in sustaining the demurrer to the first count of the declaration ; Second. In rendering judgment for the defendants on the issues of fact. The second error presents the main question in the case, and will be first considered. Admitting, for the purpose of this decision, that the act of the cashier, in publishing the notice and offering the reward, was binding on the defendants, it may be necessary, to the proper determination of the question, to enquire what was the object to be accomplished by the promise of the reward. From the character of the notice, and the facts shown by the agreed case, we are inclined to the opinion, that the principal object to be attained, was the recovery of the money stolen. As the notice states, the branch bank bad been entered by false keys, and a large amount of its funds abstracted. The recovery of these funds was a matter of much greater importance to the bank, than the apprehension and conviction of the robber. The detection of the offender might furnish a clue by which the money might be found, and its possession regained. The desire for his detection was more for this purpose than that of bringing him to justice. If his punishment was the object, why not make the payment of one half of the reward conditional, on his commitment to answer for the offence, or on his conviction? A discovery of who was the person guilty of the offence, and a communication of the discovery to the bank, would be such a detection as the notice required; and this might be done without either an arrest or commitment of the offender. The detection was to be made known to the bank, so that it might take the proper steps suggested by the discovery, for the purpose of recovering the money. If the money had been previously obtained, knowledge of the detection might be unimportant, but the party relying on the promise, and giving the information, would nevertheless be entitled to receive one half of the reward. We think that no one should be permitted to claim this portion of the reward, but the individual who first ascertained who took the money, and gave to the bank the earliest infor- [* 94] mation thereof. Has the plaintiff done this ? It appears conclusively from the facts admitted, that before the plaintiff claims to have detected Towne, the bank, through its president, had not only recovered the money, but ascertained, by the confession of Towne, that he had taken it. Thus the whole object contemplated by the reward had been fully accomplished, before it is shown that the plaintiff made any effort to detect the robber. The detection, for all the purposes of the notice, was made by the president of the bank, and not by the plaintiff. The plaintiff therefore is not entitled to recover any portion of the reward. There is another point of view in which the plaintiff is not entitle to recover, fie was a director of that branch at the time the robbery was committed, and when he procured the arrest of Towne. In that character, he, with the other officers of the branch, was charged with its control and management. He was placed there by the principal bank, in the capacity of a trustee, to act for the benefit of, and faithfully represent the interests of the stockholders and others interested in the concerns and conduct of the bank. If he obtained any information, which would in any manner lead to the recovery of the money stolen, or to the detection of the person taking it, it was his duty to communicate it promptly to the bank, without reward. He has done nothing more in the present case than his duty as director imposed on him. The fact of his receiving no compensation for his services as director, does not alter the ease. He has voluntarily assumed the duties of the station, and he was bound to as faithfully discharge them, as if he was to be liberally paid for his services. The first error cannot be sustained. As we have already shown, it was necessary that the fact of detection should be made known to the bank, before any one could rightfully claim the reward. The plaintiff has wholly omitted to aver, in the first count of his declaration, that he first detected Towne, and notified the bank of the discovery. In this respect the count is defective, and the court decided correctly in sustaining the demurrer to it. The judgment of the circuit is affirmed with cost. Semple, Justice, dissenting: I dissent from the opinion of a majority of the court in this case. I am of opinion that the act of the cashier of the branch bank at Jacksonville, was, under the circumstances, binding on the principal bank. That the object of the offer of the reward was two-fold, first for the recovery of the money lost, and secondly, for the detection of the thief. If it had been the intention of the branch to offer a reward for the recovery of the money only, and if it had no interest in the detection of the thief, the offer to the public-should have been [* 95] so worded, and the bank should not be allowed to offer a large reward for the detection of the thief; put the whole public in motion to endeavor to detect him; and after any one had gone to great expense and trouble to detect the thief, then turn round and say that all that was wanting was the recovery of the money; that this had been recovered ; and that the bank was not the guardian of the public morals and bound to pay for the detection of thieves. It is true the bank was not bound to offer a reward at all; but I think in this case it was done, and that it is now bound by the offer to the public. The person who detected the thief was not required by the terms of the advertisement tq make known to the bank the detection of the thief. All that the plaintiff in this case was • bound to do was to bring himself within the terms of the offer to ,the public. This I consider has been done. The only doubt I have had in this case was, whether the plain- - tiff, being a director of the branch bank, could avail himself of - this reward. I am, however, in this case inclined to believe that -that circumstance does not preclude him from availing himself of the offer made by the bank. Judgment affirmed.